## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CARL KOCH,                                    )
                                              )
  PLAINTIFF,                        )  CIVIL ACTION NO. _____
                                              )
  VS.                               )  HON. _____
                                              )
MUSKEGON BIKE TIME, LLC and                   )
MICHIGAN NONPROFIT MOTOR SHOWS,               )
INC.                                          )
                                              )
  DEFENDANTS.                       )
_____ )

## COMPLAINT

PLAINTFF, CARL KOCH, by and through his attorneys, CARLA D. AIKENS, P.L.C.,

submits the following Complaint against DEFENDANTS MUSKEGON BIKE TIME, LLC and

MICHIGAN NONPROFIT MOTOR SHOWS, INC. (collectively "Defendants").

## JURY DEMAND

COMES NOW PLAINTIFF, CARL KOCH, and hereby makes his demand for trial by

jury.

## JURISDICTION

1.  At all times relevant to this action Plaintiff was a resident of Midland County in the

State of Michigan.

2.  Defendant MUSKEGON BIKE TIME, LLC domestic limited liability company

with a registered agent located at 149 Shoreline Dr., Muskegon, MI 49440.

3.  Defendant MICHIGAN NONPROFIT MOTOR SHOWS, INC. with a registered agent

also located at149 Shoreline Dr., Muskegon, MI 49440.

4.  All relevant actions giving rise to this complaint took place in Isabella County in the

1

State of Michigan.

5.    This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 12188(b)(1)(B) and (b)(2) and 28 U.S.C. §§ 1331 and 1345.

6.    This Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

8.    All actions giving rise to this complaint took place in Muskegon in the State of Michigan.

9.    Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

10.    Venue is proper in the Western District of Michigan because all unlawful actions giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

11.    Plaintiff suffers from severe back pain, nerve damage, and a compressed disc for over fifteen years.

12.    Plaintiff's injuries have rendered him disabled within the meaning of the ADA, as amended, 42 U.S.C. § 12102 because he has impairment that substantially impairs the major life activity of walking and standing.

13.    The injuries are so pervasive that Plaintiff is dependent on the use of a cane at all times, is still dependent on pain medications three times daily, and at times even requires a nerve block.

14.    Moreover, Plaintiff's disability makes it impossible for him to be on his feet for even short periods of time.

15.     This issue stemming from his disability is substantially exasperated in in uneven and chaotic terrain.

16.     In July of 2024, Defendants organized and hosted an event called Muskegon Bike Week.

17.     On July 20, 2024, Plaintiff attended an event concert as a part of Muskegon Bike Week.

18.     Upon arrival, Plaintiff immediately noticed that there were no accommodations for handicap individuals.

19.     Specifically, there were no chairs for handicap individuals to sit during the concert forcing Plaintiff to leave.

20.     Moreover, there were no handicap accessible bathrooms at the concert event making it so Plaintiff could not realistically attend the concert without fear.

21.     Plaintiff found a Police Captain who was working at the concert to ask him where the handicap accessible seats and bathroom was.

22.     However, the Police Captain informed Plaintiff that there were no accommodations for handicap individuals.

23.     Additionally, the Police Captain informed Plaintiff that he had informed his supervisors that there should be accommodations for the handicap before the event, however, they did not listen to him and that he was sorry he couldn't help Plaintiff.

24.     Defendants' set-up, operation, and execution of the event made it so it essentially barred access to people with disabilities in which their disability affects their ability to walk or stand.

25.     Defendants failed to consider or accommodate for the disabled individuals that would or did attend.

26.     Plaintiff requests relief as described in the Prayer for Relief below.

<u>**COUNT I**</u>

**VIOLATIONS OF TITLE III FO THE ADA AS TO ALL DEFENDANTS**

27.    Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

28.    Defendants' event is a public accommodation as defined in, 42 U.S.C. § 12181(7)(C), and its implementing regulation, 28 C.F.R. § 36.104.

29.    28 C.F.R. § 36.304; and to make reasonable modifications to its policies and practices as necessary to afford its goods, services, facilities, privileges, advantages, or accommodations to persons with disabilities, as long as doing so does not fundamentally alter the nature of its goods, services, facilities, privileges, advantages, or accommodations, 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302.

30.    The ADA prohibits public accommodations from discriminating against an individual on the basis of disability in the full and equal enjoyment of its goods, facilities, privileges, advantages, accommodations, and services.  42 U.S.C. § § 12181(7)(E), 12182(a); 28 C.F.R. § 36.201(a).

31.    Plaintiff is an "individual with a disability" within the meaning of 42 U.S.C. § 12102.

32.    Defendants violated the ADA and its implementing regulations by failing to provide Plaintiff with seating, restrooms, or signage at its event.

33.    Defendants' employees and agents were authorized to act for Defendant when they committed the ADA violations alleged herein and acted within the scope of their employment or duties.

34.    Defendants prevented Plaintiff from enjoying the full and equal accommodations, advantages, facilities, and privileges offered by Defendants.

35.    Because of the acts or omissions alleged herein, Defendants knew or should have known that its conduct was directed to persons with disabilities.

36.     Pursuant to 42 U.S.C. § 12133, and the remedies, procedures, and rights set forth in 29 U.S.C. § 794a incorporated therein, Plaintiff prays for judgment as set forth below.

37.     Plaintiff requests relief as described in the Prayer for Relief below.

### COUNT II – VIOLATION OF § 37.1102 OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ("PWDCRA") AS TO ALL DEFENDANTS

38.     Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

39.     All Defendants are a "[p]lace of public accommodation," pursuant to MCL 37.103.

40.     MCL 37.1102 states that, "full and equal utilization of public accommodation…without discrimination because of a disability is guaranteed by this act and is a civil right."

41.     Plaintiff has a "disability" within the meaning of MCL 37.1102(A) because one of more of his major life activities are substantially limited.

42.     Defendants violated the MCL 37.1302 of the PWDCRA when they, "[d]en[ied] [Plaintiff] the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability."

43.     Specifically, Defendants denied plaintiff the ability to enjoy the event because he could was a person with a disability and had trouble with his mobility.

44.     For all practical purposes, Plaintiff, and most people with disabilities were constructively barred from accessing the event with the logistical set-up Defendants implemented.

45.     The event was a public event.

46.     Defendants, through their employees, were put on notice of Plaintiff's disability, yet failed to make any accommodation or attempt to help.

47.     Pursuant to the remedies, procedures, and rights set forth in MCL 37.1606, Plaintiff prays for judgment as set forth below.

48.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III – NEGLIGENCE AS TO ALL DEFENDANTS

49.     Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

50.     Defendants owed a duty to Plaintiff to exercise reasonable care in the maintenance, preparation, and execution of the event and to keep the event in a condition which prevented it injuring the Plaintiff.

51.     Defendants negligently breached the duty owed to Plaintiff by failing to coordinate the logistics of their event and failing to set up necessary and promised infrastructure at the event, so disabled people could attend the event.

52.     Defendants knew or should have known that the event was not properly maintained nor set up so that disabled people, specifically people whose disability affects their ability to walk, could access the event and access the event safely.

53.     Defendants negligently breached the duty owed to Plaintiff by failing have the proper infrastructure and accommodations for handicap people.

54.     Defendants negligent breaches of duty caused plaintiff to suffer the injuries and damages identified herein.

55.     Plaintiff requests relief as described in the Prayer for Relief below.

## RELIEF REQUESTED

PLAINTIFF, CARL KOCH, RESPECTFULLY REQUESTS that this Court enter judgment against Defendants as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;
2. Non-Economic damages in whatever amount Plaintiff is entitled for her physical pain and suffering, emotional and psychological trauma, loss of quality of life, loss of enjoyment of life, and scarring and disfigurement;

3. Declaratory relief forcing Defendants to make all of their current and future events handicap accessible;
4. Exemplary damages in whatever amount which Plaintiff is entitled;
5. An award of interest, costs, and reasonable attorney fees; and
6. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  April 15, 2026

Respectfully Submitted,

/s/ *Connor B. Gallagher*
Connor B. Gallagher (P82104)
CARLA D. AIKENS, P.L.C.
*Attorneys for Plaintiff*
615 Griswold St. Ste. 709
Detroit, MI 48226
connor@aikenslawfirm.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on April 15, 2026, by:

*/s/ Katarzyna Nowicki*
Katarzyna Nowicki
Legal Assistant to Carla D. Aikens, P.L.C.

7